Totten, J.,
delivered the opinion of the court.
*270 The corporation of Nashville laid a tax on two lots in the city of Nashville, owned by the Bank of Tennessee; one of them occupied by the Bank, as its place of business, and valued at $20,000; the other taken in payment of a debt, and valued at $1,000. The tax claimed on these lots amounts to $178 50, and the Bank having refused to pay it, this suit was instituted for its recovery.
The only question made is, whether the said lots owned by the Bank, are subject to a corporation tax — and we think they are not.
It is true, that in the charter of the Bank of Tennessee, there is no express provision, exempting its property from taxation, but, we think, that such exemption is necessarily implied. It is in its nature and character, a public corporation, chartered for the benefit of.the State — the faith and credit of the State are pledged for its support. Its capital stock is owned by the State, consisting as it does, of the school fund, certain revenue of the general government, on deposit with the State, for its use and benefit, and specie raised on the credit of the State, by a sale of its bonds.
No portion of its stock is private. It is, therefore, a public corporation, acting upon the funds and credit of the State, in conformity to its charter, for the public convenience and advantage. To enable it to accomplish the purposes for which it was intended, it may hold lands for its immediate use, and such as may be taken in payment or security of debts contracted in its legitimate business. In its charter, a very extended and important policy was contemplated, having relation to the currency, to internal improvements, to common schools, and the relief of the people, to some extent, from the burden of taxation. How far this policy has been realized, it is not our purpose or province to consider.
It is true, that the corporation holds and represents the legal title to the property, and effects of the Bank, the better to en *271 able it to accomplish, the purposes for which it was created; but as the Bank itself is a public institution, its lands and effects, must necessarily be considered as the public property of the State. If this be a correct statement of the nature and character of the Bank of Tennessee, the conclusion is inevitable, that the corporation of Nashville, has no power or authority to levy a tax upon its property.
Its rights and powers are subordinate to the general policy and laws of the State, and it cannot be permitted to obstruct the general policy by the exercise of its taxing power.
Nor can we see how public property can, in any just sense, be considered as a source of revenue to be derived by the exercise of the taxing power; for it was by the exercise of that power that it was separated from private property, and became public.
No positive law was necessary to exempt the public property of the State from taxation, by any of its corporations or quasi corporations, as towns, cities or counties.
The powers which they may rightfully exercise, are necessarily subordinate to those of the State, by whose laws they may be abolished or modified at pleasure.
We have seen, that the property in question, is in its nature public, it was not, therefore, the subject of taxation, by the corporation laws of Nashville.
Let the judgment of the circuit court be affirmed.